UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Terry Alan McClure,** #70442, | ) | C/A No. 3:07-471-GRA-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| J. Al Cannon, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, Terry Alan McClure ("Petitioner"), proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241. Petitioner is a pre-trial detainee in the Charleston County Detention Center, awaiting trial on state burglary charges. This case is subject to summary dismissal under *Younger v. Harris*, 401 U.S. 37 (1971), as Petitioner is asking this Court to interfere in pending state criminal proceedings.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*,

174 F.3d 1128, 1133 (10th Cir. 1999), or construct Petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, (1992); and *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989).

## Background

Petitioner, a pre-trial detainee, makes in his petition many claims regarding the conditions of his confinement.  For instance, he complains that he has been placed in restrictive confinement without due process, that there are too many inmates in one cell, and that he is being denied access to the courts.  While these are assertions which may state a claim under 42 U.S.C. § 1983, the only relief requested is release from detention, and Petitioner refers to his case as one seeking habeas relief.  Petition at 17.  Petitioner also makes certain claims that may be cognizable in a habeas case post-conviction.  While his complaints may or may not state a habeas claim after a conviction, this Court cannot interfere in an ongoing state prosecution.  Additionally, Petitioner's excessive bail complaint is currently the subject of an appeal in state court, and thus cannot be entertained by this Court at this time.

## Discussion

As Petitioner has failed to state a claim under 28 U.S.C. § 2241, this case is subject to summary dismissal.

I. Younger Abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44.  From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

State judicial proceedings are clearly ongoing, as Petitioner is being held pending trial. The second criterion has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d at 224-

3

26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Applying this criteria to the instant petition, it appears that Petitioner's criminal trial should provide an adequate remedy for the perceived threats to constitutional rights which are cognizable in a habeas case. Only the claim of excessive bail would not be adequately addressed at trial or thereafter, though even this claim has not been properly brought before the Court, as discussed below.

II.  Excessive Bail

While § 2241 is the proper vehicle for a pre-trial detainee to challenge excessive bail, the detainee must exhaust his state remedies before bringing this claim in a district court. *Atkins v. People of State of Mich.*, 644 F.2d 543 (6th Cir. 1981). "The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus. . . . If asserted by way of habeas corpus, however, the

petitioner must demonstrate that state remedies have been exhausted." *Id.* at 549.

In South Carolina, a detainee's remedies for excessive bail include a bond reduction hearing, then an appeal from that hearing. It appears that Petitioner did request a bond reduction hearing, and that the bond was reduced, though not to Petitioner's satisfaction. Petition at 13. However, Petitioner indicates that his appeal is still pending in a South Carolina appellate court. Petition at 14. As this Court would impermissibly interfere with ongoing state litigation by entertaining this claim before completion of the appeals process, this claim must be dismissed.

## Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit).

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

March 16, 2007
Columbia, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).